Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| LUIS A. NÚÑEZ SALGADO Y OTROS<br><br>Peticionario<br><br>v.<br><br>ANTONIA FIGUEROA Y OTROS<br><br>Recurrido | KLCE202500161 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Sentencia Declaratoria; Solicitud de Injunction Preliminar y Permanente<br><br>Caso Núm. BY2023CV04733 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2025.

La parte peticionaria, el señor Luis A. Núñez Salgado, por derecho propio y como abogado de los peticionarios, Marieli Portela Torres, Juan A. Portela Torres, Ana Luisa Bibiloni Marques, Mari Carmen Martínez Fernández, y el Dr. Ángel Loyola Pérez, por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta con Maritza Cruz Miranda, comparece ante nos para que dejemos sin efecto la *Resolución* emitida el 12 de diciembre de 2024, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de Bayamón. Mediante la misma, el foro primario declaró *Con Lugar* la solicitud de descalificación presentada por la parte recurrida, la señora Antonia Figueroa, y, en consecuencia, determinó que procedía descalificar al Lcdo. Luis A. Núñez Salgado como representante de la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari* solicitado y se declara *No Ha Lugar* la *Urgente Solicitud en Auxilio de Jurisdicción Solicitando Paralización de los Procedimientos en Instancia.*

Número Identificador

RES2025 _____

**I**

La parte peticionaria recurre de una determinación mediante la cual se ordenó, el 12 de diciembre de 2024, la descalificación de su representante legal y se le concedió el término de treinta (30) días, a partir de la notificación de la misma, para anunciar su nueva representación legal.

En desacuerdo, el 18 de diciembre de 2024, la parte peticionaria solicitó la reconsideración de lo resuelto, requerimiento que se denegó mediante *Resolución* notificada el 17 de enero de 2025.

Inconforme, el 18 de febrero de 2025, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari*, el cual acompañó con una *Urgente Solicitud en Auxilio de Jurisdicción Solicitando Paralización de los Procedimientos en Instancia.*

Procedemos a expresarnos.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.,* 212 DPR 194, 207-208 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo*

*v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones

emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. El expediente ante nuestra consideración no evidencia falta alguna atribuible al tribunal primario en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio imponernos sobre lo resuelto en esta etapa de los procedimientos. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado. De igual modo, se deniega la *Moción en Auxilio de Jurisdicción Solicitando Paralización de los Procedimientos en Instancia.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado. Igualmente, se declara *No Ha Lugar* la *Urgente Solicitud en Auxilio de Jurisdicción Solicitando Paralización de los Procedimientos en Instancia.*

**Notifíquese inmediatamente a todas las partes, al Tribunal de Primera Instancia, Sala de Bayamón, y a la Hon. Vanessa J. Pintado Rodríguez.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones